## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division


In re DAVID W. FALWELL and AMANDA )     Case No. 08-60495-LYN
B. FALWELL,    )
                            )
         Debtors,         )
                            )

### SECOND AMENDED MEMORANDUM

This matter comes before the Court on objections by David W. Falwell and Amanda B. Falwell ("the Debtors") to two proofs of claim filed by Roundup Funding LLC ("Roundup"). The objections will be overruled. This memorandum supplants and replaces the memorandum entered on docket as docket no. 53 in the above-styled case.

### *Jurisdiction*

This court has jurisdiction over these matters. 28 U.S.C. §§ 1334(a) & 157(a). These are core proceedings. 28 U.S.C. § 157(b)(2)(A)&(B). Accordingly, this court may render final orders. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

### *Facts*

On March 3, 2008, the Debtors filed the above-styled chapter 13 petition with the Clerk of the Bankruptcy Court. The Debtors scheduled an unsecured debt owing to creditor "Chase-Pier" in the amount of $254.00. The debt was not marked as disputed. Chase Bank USA, NA filed a

1

proof of claim in the amount of $254.24 that indicated that the account was established to facilitate

purchases at Pier 1 Imports. The proof of claim was supported by an account summary that did not

contain any transaction listings other than "Purchases, Cash, Debits" in the amount of $29.00 and

"Finance Charges" in the amount of $5.12.   The claim was designated as claim no. 7 by the Clerk

of the Court.  The claim was transferred to Roundup.

The Debtors also scheduled an unsecured debt owing to creditor "Chase" in the amount of

$9,837.00.    The debt was not marked as disputed.     The claim was transferred to Roundup.

Roundup filed a proof of claim in the amount of $9,876.68.  The claim as originally filed did not

have any supporting documentation.  Roundup subsequently filed an amended proof of claim that

was supported by documentation including monthly billing statements dated May 3, 2007, through

February 3, 2008.  The claim was designated as claim no. 10 by the Clerk of the Court.

The Debtors filed an objection to each of the proofs of claim on the following grounds:

"Creditor failed to file assignment of the claim. No supporting documentation.  No evidence of

contract, itemized statements, etc. Debt may [be] barred by the Statute of Limitations."  The Debtors

subsequently withdrew their objections to the extent that they were based on the grounds that the

creditors failed to file a notice of transfer of the claims.

Roundup requests an award of attorney's fees in the amount of $500.00 each for defending

against the objections to claim.

*Discussion*

The Debtors object to Roundup's proofs of claim on the grounds that there is no supporting

documentation, that there is no evidence of contract, that there are no itemized statements, and that

the debt may be barred by the statute of limitations.  The objections are essentially based on two

2

grounds: (1) the proofs of claim are not supported by adequate documentation; and (2) the proofs

of claim may be barred by the statute of limitations.

I.

A creditor may file a proof of claim[1].  11 U.S.C. § 501(a).  A proof of claim is a written

statement setting forth a creditor's claim.  Fed.R.Bankr.P.  3001(a).  When a claim is based on a

writing, the original or a duplicate shall be filed with the proof of claim.   Fed.R.Bankr.P.

3001(c).  If the original has been lost or destroyed, a statement of the circumstances of the loss or

destruction shall be filed with the claim.  Id.  Each proof of claim presented for filing must have

attached any applicable security interest or other appropriate documentation evidencing the debt.

Local Bankruptcy Rule 3001-1(c).

The burden is originally on the creditor to file the proof of claim.  A claim, proof of which

is filed under Section 501, is presumed to be prima facie valid and will be allowed unless a party in

interest objects.  11 U.S.C. §  502(a).  In order to be deemed prima facie valid, a proof of claim must

be supported by documentation if required by Rule 3001(c).

The failure of a creditor to provide documentation merely serves to deprive the claim of its

prima facie validity.   See, e.g., In re Lasky. 364 B.R. 385, 387 (Bankr. C.D.Cal.2007).   This

conclusion represents the majority view in the reported decisions.  See In re Andrews, 394 B.R. 384,

389 (Bankr. E.D.N.C. 2008).  There are no specific requirements for documentation for unsecured

claims, other than the creditor must submit a writing if the debt is based on a writing.

If the proof of claim *is not supported* by the requisite documentation, it is not presumed to

be prima facie valid.  If the presumption does not arise, the debtor need only object to the claim

---

[1]        In chapter 13 cases and chapter 7 cases, a creditor must file a proof of claim in order to receive a
distribution from property of the estate.  See Fed.R.Bankr.P. 3002(a).

3

pursuant to the applicable rules.  In re Tran, 369 B.R. 312, 318 (S.D.Tex. 2007).  The objection,

however, must be based on some *good faith* ground.  An assertion that the proof of claim is not

supported by documentation is not sufficient to support an objection to claim.

> The objection based on the lack of documentation is not sufficient basis to disallow the proof
> of claim.  While the proof of claim form requires documentation, the failure to provide
> documentation does not mean that the debtors do not owe the money to the creditors.

In re Canlas, 08-10688-RGM (Bankr. E.D.Va. 2008).

Rule 3001(c) does not provide the debtor with an independent basis for objecting to a proof

of claim.

> The grounds for the disallowance of a proof of claim are specifically listed in 11 U.S.C. §
> 502 not in the Bankruptcy Rules. Therefore, it is not enough for the Chapter 13 debtor to
> merely complain that the proof of claim filed by a creditor lacks sufficient documentation
> under the Bankruptcy Rules, the debtor must also assert a grounds for disallowance under
> § 502, as for example, by contesting the amount claimed to be owed.

In re Simms, 2007 WL 4468682, *2 (Bankr. N.D.W.Va. 2007).  Also see In re Heath, 331 B.R. 424

(9th Cir. B.A.P. 2005) ("Noncompliance with Rule 3001(c) is not one of the statutory grounds for

disallowance.").

In In re Dove Nation, 318 B.R. 147 (8th Cir. B.A.P. 2004), the Eighth Circuit Bankruptcy

Appellate Panel discuss the relationship between 11 U.S.C. § 502 and Fed.R.Bankr.P.  3001(c). The

Court concluded:

> Section 502 of the Bankruptcy Code governs the allowance and disallowance of claims filed
> against bankruptcy estates. Neither procedural rules nor instructional language on official
> forms overrides clear statutory language. Therefore, the [bankruptcy] court properly
> overruled the Debtor's objections to claims based solely on grounds not recognized by
> Section 502 of the Code.

Id., 318 B.R. at 153.  An assertion that a proof of claim is not supported by documentation, standing

alone, is never sufficient to support an objection to a proof of claim.

If the proof of claim *is supported* by the required documentation, the presumption of validity

may be overcome by the objecting party only if it offers evidence of equally probative value in

rebuttal.  In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Fullmer, 962 F.2d 1463, 1466 (10th

Cir. 1992); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992).  If the debtor

is to prevail, the evidence must be sufficient to demonstrate the existence of *a true dispute* and must

have probative force equal to the contents of the claim.  9 Collier on Bankruptcy, "Proof of Claim",

¶ 3001.09[2] (15th ed. rev.) (Citing In re Wells, 51 B.R. 563 (D.Colo. 1985) and In re Unimet Corp.,

74 B.R. 156 (Bankr. N.D. Ohio 1987)).  If the debtor offers such evidence, the burden shifts back

to the creditor to produce evidence meeting the objections and establishing the claim.  See, e.g.,  In

re Knize, 210 B.R. 773, 779 (Bankr. N.D.Ill. 1997).

If a claim is based on a writing, or is secured by property of the estate, the original or a

duplicate shall be filed with the proof of claim.  Fed.R.Bankr.P.  3001(c).  The issue becomes "What

writings or supporting documents are necessary to support a valid prima facie claim?"  The purpose

of the proof of claim and the required documentation is to permit the debtor to identify the claimant,

the amount of the claim, and the character of the claim.

> The purpose of the rules regarding claims is to require creditors to provide
> sufficient information so that a Debtor may identify the creditor and match the creditor
> and the amount of the claim with the claims scheduled by the Debtor. If a creditor fails to
> provide sufficient information regarding either the identity of the claimant or the amount
> of the claim, the Debtor may object to the claim. In the context of a claim filed by an
> assignee of a credit card creditor, the assignee must provide the contractual basis of its
> right to payment, and specific information on the Debtor's account (i.e. account number,
> social security number, and account balance). To require the assignee of credit card debt
> to produce voluminous account information for every claim imposes an unnecessary
> burden on creditors without conferring any necessary benefit on Debtors. The sale of
> credit card debt is commonplace in our economy, but in most cases, the fact that a sale
> has occurred should not prevent the Court from resolving claims in as speedy and
> inexpensive manner as possible.

5

In re Hughes, 313 B.R. 205, 212 (Bankr. E.D.Mich. 2004).  The documents, then, that are

required to give a proof of claim prima facie validity are those that identify the claimant, the

amount of the claim, and sufficient information to identify the basis for the claim (such as the

account number).  A writing, if required, must support the existence and amount of the claim

and, if applicable, the priority or secured character of the claim.

In the case of a debt arising from the use of a credit card, a copy of the original

cardholder agreement may suffice to demonstrate the existence of a debtor-creditor relationship.

A writing that includes a detailed transaction history over a reasonable period of time is

sufficient to support a proof of claim for an unsecured debt.   A detailed transaction history is

one that includes all individual transactions and postings, including charges, payments, interest,

and fees.   A reasonable time period may be as little as a single month, but may be longer in

some cases, depending on the nature of the debtor's objection and the level of account activity.

Such a document will suffice to support both the existence and amount of the alleged claim,

unless the objecting party comes forward with evidence sufficient to rebut the presumption.

II.

The Debtors object to the claims on the grounds that they are not supported by

documentation.  The objection is presented as a separate basis for disallowing the claims.  The

Debtors further imply that the documentation should include evidence of an agreement and an

itemized statement of account.

The objections to the proofs of claim on the grounds that they contain no supporting

documentation will be overruled because: (1) lack of documentation is not a sufficient basis to

support an objection to claim; and (2) the Debtors scheduled each of the claims in substantially the

6

same amounts as the proofs of claim and did not mark any of the claims as disputed on the schedules. Further, in the case of claim no. 10, the supporting documentation that was filed with the amended proof of claim is sufficient to support a prima facie valid claim and the debtor has proffered no evidence in rebuttal.

First, in addition to objecting to a lack of documentation, a debtor must assert independent grounds for dismissal concerning the existence, amount, or character of the claim. The Debtors have asserted no grounds other than the proofs of claim are not supported by documentation. The Debtors do not dispute the existence of the claim, nor do they dispute the amount of the claim. In the absence of such an assertion[2], an objection on the grounds of insufficient documentation is nothing more than an invitation to litigation where no dispute exists.

Second, the Debtors scheduled each of the claims in substantially the same amounts as the proofs of claim and did not mark any of the claims as disputed on the schedules. The objections to the lack of documentation are belied by the Debtors' own sworn statements. The Debtors have admitted under the penalty of perjury that the claims exist in the amounts as scheduled. Because the Debtors scheduled the debts as undisputed in virtually the same amounts as the proofs of claim, the claims will be allowed in the amounts asserted in the proofs of claim.

We turn now to an examination of the documentation attached to claims no. 7 and 10. In the case of claim no. 7, Roundup's predecessor, Chase, simply attached an account summary to the proof of claim. In In re McCarthy, 04-104493-SSM (Bankr. E.D.VA. 2004) the attached documents contained only the information provided on the face of the proof of claim. The court held that the

---

[2]        The Debtors in this case have asserted the affirmative defense that the debt may be barred by the statute of limitations. This objection is discussed below.

7

documentation was not sufficient to deem the proof of claim prima facie valid.   The summary

attached to claim no. 7 includes no transaction listings other than "Purchases, Cash, Debits" in the

amount of $29.00 and "Finance Charges" in the amount of $5.12.    As in McCarthy, the

documentation only contains information that already appears on the proof of claim.  It is not

sufficient to support a prima facie valid claim.  As noted, however, this fact alone is not sufficient

to sustain the objection to claim no. 7.

In the case of claim no. 10, Roundup has included detailed transaction information for each

of the ten months pre-petition.  The information provided includes purchases, payments, and charges

assessed.   Each transaction is readily understandable as to its character, amount, and date of

occurrence.  The documentation supports the existence of a debtor-creditor relationship and supports

the amount as asserted in the proof of claim.   This documentation is sufficient to meet the

requirement in Rule 3001.  The objection to proof of claim no. 10 will also be overruled on the

grounds that the proof of claim is supported by adequate documentation and the Debtors failed to

file evidence in rebuttal.

## III.

The Debtors also object to the proofs of claim on the grounds that they may be barred by the

statute of limitations.  The objection cannot be sustained because a defense based on the expiration

of a statute of limitations is an affirmative defense that shifts the burden of proof to the party raising

the defense and the Debtors have provided no evidence in support of the objection.

As a preliminary matter, this court agrees with the observation that the "phenomena of bulk

debt purchasing has proliferated and the uncontrolled practice of filing claims with minimal or no

review is the new development that presents a challenge for the bankruptcy system." In re Andrews,

394 B.R. 384, 387 (Bankr. E.D.N.C. 2008). This court also sympathizes with attorneys who

diligently object to claims in an attempt to ferret out those claims that are stale. This, however, does

not relieve counsel from following the established claims litigation scheme in doing so.

The bankruptcy code provides that a claim shall be disallowed if the claim is unenforceable

against the debtor and property of the debtor under applicable law. 11 U.S.C. § 502(b)(1). The

applicable law includes state law.

> The "basic federal rule" in bankruptcy is that state law governs the substance of
> claims, [Butner v. United States, 440 U.S. 48, 57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)],
> Congress having "generally left the determination of property rights in the assets of a
> bankrupt's estate to state law," 440 U.S., at 54, 99 S.Ct. 914 (footnote omitted).

Raleigh v. Illinois Dept. Of Revenue, 530 U.S. 15, 120 S.Ct. 1951 (2000). If either of Roundup's

claims is barred by the Virginia statute of limitations, it must be disallowed as a claim against the

bankruptcy estate.

The issue then becomes whether the burden of proof falls upon the Debtors to prove that

either of the claims is barred by the statute of limitations. In Virginia an assertion that a claim

should be denied because it was raised after the statute of limitations has expired is an affirmative

defense. Va. Code § 8.01-235 (1950). Also see Restaurant Co. v. United Leasing Corp., 271 Va.

529, 628 S.E.2d 520 (2006) and In re Varona, 388 B.R. 705, 722 (Bankr. E.D.Va. 2008). Under

Virginia law, if a party pleads that an action is barred by the statute of limitations, that party has the

burden of showing by a preponderance of evidence that the plaintiff brought the cause of action after

the expiration of the statutory period. Varona 388 B.R. at 723.

When asserting an affirmative defense, a debtor also has the burden of production, that is,

the burden of initially coming forward with evidence. A debtor's burden of production on an

affirmative defense, however, is not one that should  weigh down the claims allowance process,

especially if the creditor has not filed documentation as required under Rule 3001(c). Consequently,

as a general rule, if counsel has consulted with the debtor and determined that the claim is stale, the

burden of production may be met by the filing of an affidavit of the debtor that such is the case.

The Debtors have the burden of production and the burden of proof on the issue of whether

the statute of limitations has run.   They have, however, provided no evidence supporting the

assertion that the debt asserted in the proof of claim runs afoul of the statute of limitations.

Accordingly, the objections cannot be sustained on this ground.

IV.

Roundup requests an award of attorney's fees in the amount of $500.00 each for

defending the two objections to claim.   The request is based on the fact that the Debtors have

objected to the proofs of claim despite the fact that they did not mark either of the claims as

disputed on their schedules and the fact that the Debtors filed ten objections to claim on the same

basis without specifically denying the existence or amount of any of those claims.

Roundup, however, has not provided a statutory basis for the request for fees.   It appears

that the request is brought against counsel for the Debtor under Fed.R.Bankr.P.  9011.   Rule

9011(b) provides that the party or attorney that signs a pleading is certifying that to the person's

knowledge, information and belief, formed *after an inquiry reasonable under the circumstances*

that: (1) the pleading is not being presented for any improper purpose; (2) the legal contentions

therein are warranted by existing law or an argument for modification of existing law; (3) the

factual allegations have evidentiary support or are likely to have evidentiary support after a

reasonable opportunity for further investigation or discovery; and (4) the denials of factual

10

contentions are warranted on the evidence or, if specifically so identified, are reasonably based

on a lack of information or belief.[3]

By signing a pleading, an attorney or party certifies that he or she has conducted an

inquiry into the subject matter of the pleading that is reasonable under the circumstances.  The

threshold of inquiry for filing an objection to claim may be low, but it does exist. Before filing

an objection to claim, counsel has a duty to discuss the claim with the debtor and the debtor has a

duty to provide counsel with any information that the debtor may have regarding the claim.   At a

minimum, counsel should inquire whether the debtor remembers, or has documents concerning,

facts that may be relevant to the grounds on which the objection is, or will be, based.  While it is

not necessary for a debtor to produce evidence that he or she does not possess, it is necessary for

counsel to inquire of the debtor whether such evidence does exist.

The point is that it is not sufficient for counsel to file objections to claims *en masse*

without  making an inquiry of the debtor with respect to each proof of claim.  Any attorney who

files objections to claim *as a matter of course* without having a good faith basis for those

objections based on an interview with the debtor, does so at the risk of incurring an award of fees

---

[3]Rule 9011(b) provides:
      (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
            (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
            (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
            (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
            (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

11

against him or her.[4]

In the case at bar the Debtors filed objections to claims on the grounds that they contain

little or no documentation and that they may be barred by the statute of limitations.  It is clear

from the record that counsel did not discuss the validity of claim no. 10 with the Debtors.  If he

had, he would have known that the account activity during the one-year period pre-petition was

sufficient to refute a defense that the claim was barred by the statute of limitations.  The

documents attached to the amended proof of claim for claim no. 10 indicate that during that

period the Debtors made more than 40 purchases on the account totaling more than $2,500.00.

The Debtors also made four payments to Chase during that period.  One of the Debtors surely

would have remembered at least one of the purchases or payments if counsel had inquired about

the pre-petition account activity.  Because any purchase or payment would cause the statute of

limitations to be begin to run anew[5] counsel would have known that claim no. 10 is not barred by

the statute of limitations.  The conclusion that counsel did not discuss the debt underlying claim

no. 10 is further supported by counsel's pattern of filing objections to dozens, if not hundreds, of

proofs of claim based on virtually the same grounds as in the case at bar.

Additional evidence of the failure of counsel and the debtor to confer regarding the

validity of claims no. 7 and 10 is the fact that the Debtors scheduled those claims in the same

amounts as Roundup's proofs of claim and did not mark the claims as disputed on the schedules.

---

[4]    By making the requisite inquiry, counsel furthers a primary purpose of the objections process, which is to initiate litigation in an efficient manner and only if a dispute actually exists.  See Fed.R.Bankr.P. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.").

[5]    A cause of action upon an open account accrues and the statute of limitations begins to run from the later of the last payment or the last charge for goods or services rendered on the account.   Va. Code § 8.01-249(8).

12

When a debtor schedules a claim as undisputed, the debtor has admitted under the penalty of

perjury that the claim exists in the amount as scheduled.  See In re Bohrer, 266 B.R. 200, 201

(Bankr. N.D. Cal. 2001) ("Statements in bankruptcy schedules are executed under penalty of

perjury, and when offered against the debtor [the statements] are eligible for treatment as judicial

admissions.") (Citing In re Gervich, 570 F.2d 247, 253 (8th Cir.1978).  If a debtor objects to a

proof of claim that is in the same amount and character as is scheduled by the debtor and the

claim is not marked as disputed on the debtor's schedules, any objection to that claim could be

deemed to be a violation of Rule 9011.  If a debtor schedules a claim as undisputed in the same

amount and character as the proof of claim, and later decides to object to the proof of claim, that

debtor may file an amended schedule marking the claim as disputed and then file a timely

objection to the proof of claim.

The evidence in the record indicates that the objections to claims no. 7 and 10 were filed

without regard to the actual validity of the claims.  This fact could be sufficient to support a

finding that the objection to claim no. 10 was filed in bad faith.  Rule 9011(c), however, directs

the party seeking sanctions to serve a separate motion on the opposing party and file that motion

no sooner than 21 days after the service of the motion.  Roundup has not served a separate

motion on the Debtors demanding the withdrawal of the objection.  Nor has Roundup filed such

a separate motion with the Clerk.  For this reason, the request for sanctions will be denied, any

breach of Rule 9011(b) notwithstanding.

### *Conclusion*

The purpose of the claims litigation scheme is to join disputes only if a dispute actually exists

and to do so in the most efficient manner possible.  A number of rules have developed in the

13

Bankruptcy Code, the Bankruptcy Rules, and judicial opinions to foster this purpose.

The burden of production and the burden of proof are on any creditor who wishes to have its claim allowed.  The creditor meets the burden of production by filing a proof of claim that complies with Fed.R.Bankr.P. 3001.  A proof of claim must, at a minimum, contain the information required on Official Form 10, including the identity of the creditor, the last four digits of any account number or other debt identification number, the basis for the claim, the date on which the debt was incurred, the classification of the claim (unsecured, priority or secured), and the amount of the claim. If a creditor files a proof of claim, and no objections are filed to that proof of claim, the claim will be allowed in the amount asserted in the proof of claim.

A debtor or other party in interest may object to the amount, existence or classification of a claim.  If a debtor or other party in interest wishes to object to a proof of claim, then that party (a) must assert a basis for the objection and (b) must come forward with evidence of equal or greater value than that provided by the creditor in conjunction with the proof of claim.  An objection to a proof of claim must be based on one of the reasons provided in Section 502.  It is not sufficient to file an objection on the grounds that the proof of claim is not supported by documentation.  If the information provided in the proof of claim, however, is not sufficient to allow the objecting party to identify the creditor or the debt, then that may form the basis for an objection to claim.  Any objection to a proof of claim must be supported by evidence supporting the grounds on which the objection is based.  The objection must be supported by evidence of equal or greater probative value than that contained in the proof of claim and its supporting documentation.

If a debtor schedules a claim as undisputed, and later decides to object to the proof of claim, the debtor may timely file an amended schedule marking the claim as disputed and then file a timely

14

objection to the proof of claim.

If a debtor files an objection to a proof of claim based on an affirmative defense, such as the claim is barred by the statute of limitations, then the burden of production and the burden of proof are on the debtor.  At a minimum, the debtor  must come forward with some evidence that the claim is so barred.  If a debtor files an objection to a proof of claim based on an affirmative defense, and the proof of claim is supported by evidence that the claim is not barred by the affirmative defense, then the debtor, having the burden of proof, must provide evidence of greater probative value demonstrating that the claim is so barred.

In the case of claim no. 10, Roundup has provided documentation that the Court deems sufficient to support a prima facie claim.  The Debtors have provided no evidence in rebuttal.  Claim no. 10 will be allowed in the amount of $9,876.68.  In the case of claim no. 7, the Debtors provided no legal grounds for the objection to the proof of claim other than it may be barred by the statute of limitations.  The Debtors did not produce any evidence supporting the assertion.  Consequently, they have not met the burden of production.  The objections to claims no. 7 and 10 are overruled without prejudice to the filing of a motion for reconsideration under Fed.R.Bankr.P.  3008.

Appropriate orders shall issue.

Upon entry of this Memorandum the Clerk shall forward a copy to the chapter 13 trustee, Patrick J. McKenna, Esq., and to Stephen E. Dunn, Esq.

Entered on this  4th  day of December, 2009.

William E. Anderson
United States Bankruptcy Judge

15